UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-81110-CIV-RYSKAMP/VITUNAC

VOLVIQUE JEAN-LOUIS,

    Plaintiff,

v.

AMERICAN EAGLE TRANSP.
CORPORATION, a Florida
Corporation, d.b.a. AQUILA
BLOCK HAULING,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM

THIS CAUSE comes before the Court pursuant to Plaintiff's Motion to Dismiss Defendant's Counterclaim, filed January 16, 2007 **[DE 10]**.  Defendant did not respond.  This motion is ripe for adjudication.

On September 18, 2006, Plaintiff filed <u>Jean-Louis v. American Eagle Transp. Corp.</u>, Case No. 06-80869-CIV-RYSKAMP, seeking allegedly unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215, et seq.  On October 26, 2006, the Court received a Rule 41 Stipulation of Dismissal indicating that the parties had reached a settlement agreement and desired that this action be dismissed with prejudice.  On October 30, 2006, the Court dismissed the matter with prejudice and closed the case.

Plaintiff filed this action on December 4, 2006, alleging that Defendant retaliated against him for pursuing the FLSA claim in Case No. 06-80869.  Plaintiff alleges that Defendant harassed him, subjected him to disparate treatment and ultimately terminated him.

2

Defendant has filed a one-count counterclaim, alleging that Plaintiff breached the four-year confidentiality provision in the settlement agreement. Plaintiff moves to dismiss the counterclaim for lack of subject matter jurisdiction.

Whether this Court has subject matter jurisdiction over the counterclaim depends on whether it is compulsory or permissive. See East-Bibb Twiggs Neighborhood Association v. Macon Bibb Planning & Zoning Comm., 888 F.2d 1576, 1578 (11th Cir. 1989). A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). In contrast, a permissive counterclaim is one that does not arise out of the transaction or occurrence that is the subject of the opposing party's claim. See Fed. R. Civ. P. 13(b). A counterclaim arises out of the same transaction or occurrence as the original claim when the two bear a "logical relationship" to each other. The former Fifth Circuit held that a logical relationship "exist[s] when the counterclaim arises from the same 'aggregate of operative facts' in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." Plant v. Blazer Financial Services, Inc. of Georgia, 598 F.2d 1379, 1361 (5th Cir. 1979).[1] A federal district court must have an independent jurisdictional basis to adjudicate a permissive counterclaim. See East-Bibb, 888 F.2d at 1578.

Here, no logical relationship exists between the retaliation claim and the breach of contract counterclaim. Adjudication of each claim would require the review of separate and unrelated evidence. Likewise, the law forming the basis of the state law counterclaim is

---

[1] Decisions issued by the former Fifth Circuit prior to the close of business on September 30, 1981 are valid precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

unrelated to the law forming the basis of a federal retaliation claim.  The counterclaim is therefore permissive.  No independent jurisdictional basis exists to allow this Court to adjudicate this claim.  No federal question jurisdiction is present, as the counterclaim is a state law breach of contract action.  Diversity jurisdiction is also lacking, as both Plaintiff and Defendant are Florida residents.  The counterclaim also fails to allege an amount in controversy.  The Court is therefore without subject matter jurisdiction to adjudicate the permissive counterclaim. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss Defendant's Counterclaim, filed January 16, 2007 **[DE 10]**, is GRANTED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 20th day of March, 2007.

Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE